THE WEST CHICAGO PARK COMMISSIONERS

*v.*

THE CITY OF CHICAGO.

*Opinion filed June 23, 1905.*

This case is controlled by the decision in *Pettibone* v. *West Chicago Park Comrs.* 215 Ill. 304.

APPEAL from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding.

DELAVAN B. COLE, and GARRIEL J. NORDEN, for appellants.

COLIN C. H. FYFFE, (EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel,) for appellee.

Per CURIAM: This was a bill in chancery filed by the appellee to enjoin the county clerk of Cook county from including in the aggregate rate of taxation in the town of

West Chicago, for the year 1904, a tax of one mill ordered to be levied by the corporate authorities of the town of West Chicago under an act of the General Assembly adopted May 10, 1901, entitled "An act to authorize the corporate authorities of towns to issue bonds to raise funds for the acquisition and improvement of additional small parks or pleasure grounds, and to provide a tax for payment of the same." (Laws of 1901, p. 253.)   One of the grounds on which the prayer for relief was asked by the bill was, that the said act of May 10, 1901, was a local or special enactment, and contravened the provision of section 22 of article 4 of the constitution of 1870 which prohibits the passage of a local or special law "regulating county and township affairs."   On a hearing the chancellor treated the enactment as valid but held that the levy was for an excessive and illegal rate, and decreed that the same should be reduced from the rate of one mill on each dollar of taxable property to $.000553. The West Chicago Park Commissioners have prosecuted this appeal to reverse that decree.

In the late case of *Pettibone* v. *West Chicago Park Comrs.* 215 Ill. 304, we found and declared the said act of May, 1901, under and by virtue whereof the appellants base the authority to levy the tax involved in this proceeding, to be in contravention of said section 22 of article 4 of the constitution of 1870, and for that reason invalid.   On the authority of that holding the tax here sought to be enforced must be declared to be invalid *in toto*.

The decree appealed from must be and is reversed, and the cause will be remanded for further proceeding consistent herewith.                         *Reversed and remanded.*